Porter, J.
delivered the opinion of the court. The plaintiffs allege that a suit had been commenced in the third district court, for parish of East Baton Rouge, by one Lilley, against a certain Thomas C. Stannard. That the defendant was arrested and held to bail. That their father Christopher Gales, now deceased, became his security and signed a bail bond in the usual form. That Lilley prosecuted his suit to final judgment against Stannard, and that not being paid by him, he commenced an action against their ancestor on the bail bond, and received from him the sum of $ 1300 which has been since paid by his heirs.
They further allege, that one James Penny, the defendant and appellee, and father-in-law to the said Stannard, had craftily, and deceitfully induced their ancestor to sign the said bond, on a promise to save him harmless from all consequences resulting from his engagement ; the petition concludes by averring that he, the said Penny, had not fulfilled this engagement, their damage by reason thereof, $1500, and praying judgment for the amount.
*213 There was but one witness introduced in the cause, and his evidence in substance is, “ That in the suit of Lilley vs. Stannard, process was put into his hands against Stannard, and bail required, that a day or two after the arrest, Stannard (who had been suffered to go at large on the witness’s responsibility) and captain Penny, the defendant, came into his office together, and that Penny mentioned, that he and captain Gales were to be the securities of Mr. Stannard, the day following was appointed for executing the bond. The witness drew the bond and referred it for signing, inserting the names of the two sureties. Next morning being informed that Penny was about starting to New-Orleans, and apprehending some difficulty, he called on him to sign the bond before he went away; Penny answered that he was in a hurry, that Gales could sign it when he came in, but did not direct witness to tell Gales to sign the bond, only said he would sign it on his return ; a few hours after Penny was gone, captain Gales came with Stannard, the witness presented him the bail bond, Gales asked where Penny was, he was answered that he had gone to New-Orleans, on learning which Gales refused to sign. But *214 ultimately agreed to do so, on being informed by Stannard, and witness, that Penny had agreed to sign the bond; some time after Penny returned from New-Orleans, witness called upon him, and asked him to put his signature to the instrument already signed by Gales. He refused, does not believe that Penny and Gales ever had any conversation with each other on the subject. On his cross-examination the witness deposed, that it was three months after Penny’s return before he called on him to sign the bond; that he communicated his refusal to Gales immediately; that Stannard remained in Baton Rouge five or six months after Gales was informed of Penny’s refusal to become co-security. There was judgment for defendant, and the plaintiff appealed.
If the defendant be liable in this case it must be either,
1. Because he fraudulently induced the ancestor of the plaintiff to sign the bond on a promise to save him harmless ; or,
2. Because he engaged to become co-surety, and is bound by that engagement to the same extent as if he had actually signed the instrument.
I. There is no evidence that the defen *215 dant induced Gales to sign the bond by false representations, or indeed, that he made any representations to him on the subject. The witness proves that Stannard and Penny came to his office, and that the latter observed, that he and Gales were to become securities. But which of them proposed this to the other we cannot learn. It is most probable they both consented to become so at the solicitation of Stannard. The witness declares he does not believe that Penny and Gales had any conversation on the subject. There is nothing in the record therefore which authorises the plaintiffs to recover on this alligation, that their ancestor was deceived and defrauded by the defendant.
II. On the other ground, the evidence is equally defective in supporting the plaintiffs pretentions. On looking into it, we do not see any thing which proves that the defendant ever entered into a contract with the father of the plaintiffs ; in regard to becoming co-security for Stannard, that he ever made him a promise, or came under any engagement to him in respect to it. The promise proved, was to the sheriff, not to Gales, and the former might perhaps, have maintained an *216 action for the non-performance of it. But the plaintiffs cannot; the only ground on which it can be at all alleged, that he plaintiffs have sustained injury by the defendant's promise to the sheriff, is, that in consequence of it, their ancestor was induced to sign the bond, which has since been paid by his representatives. But this is too remote a consideration to form the ground of legal responsibility, and it would be carrying the doctrine on this head, to a most dangerous extent, to say, that because A. has promised B. to do a certain thing, and fail to do it, that C. can maintain an action for the breach of this promise, because a knowledge of that promise was the leading motive that induced him to contract with B.
Preston for plaintiffs, Eustis for defendant.
This opinion renders it unnecessary to examine the other questions raised by the defendant, as to the right of the plaintiffs to bring the suit, and the competence of a single witness to prove the facts on which recovery was demanded.
It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.